# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

Lisa Cort,
    Plaintiff

v.

Mark A. Leachman, P.C.,
    Defendant

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1. Plaintiff Lisa Cort ("Plaintiff") brings this action against Defendant Mark A. Leachman, P.C. ("Defendant") as authorized by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. A consumer who is the object of a misleading representation by a debt collector has standing to pursue a claim under the FDCPA against that debt collector. *See Irvine v. I.C. Sys., Inc.*, --- F. Supp. 3d ----, 2016 WL 4196812, at *3 (D. Colo. July 29, 2016).

1

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

7. The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Riddle*, 305 F.3d at 1117.

8. The FDCPA creates a broad general prohibition against the use of misleading, deceptive, or false representations in the course of the collection of debts. *See* 15 U.S.C. § 1692e.

9. "When enacting the FDCPA, Congress found that existing laws and procedures for redressing injuries caused by abusive debt collection practices were 'inadequate to protect consumers.' 15 U.S.C. § 1692(b). Thus, Congress intended for the FDCPA to provide greater protection than state law." *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1186 (W.D. Wash. 2011).

10. Even where conduct may be permitted by state law, the FDCPA preempts state law to the extent there is any inconsistency. *See* 15 U.S.C. § 1692n ("This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection

2

practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."). Put another way, compliance with state law does not excuse a violation of the FDCPA. *See Lensch*, 795 F. Supp. 2d at 1186.

11. Colorado state law permits a debt collector, or any other person, to commence a legal action in one of two ways: either by filing a complaint with the court, or by service of a summons and complaint without filing the complaint up to 14 days from the date of service. Colo. R. Civ. P. 3.

12. However, the FDCPA prohibits a debt collector from misleading a consumer into failing to respond to legal process by concealing the import of the papers, thereby subjecting the consumer to the possibility of a default judgment. *See* 15 U.S.C. § 1692e(15).

13. Whether a debt collector's conduct is misleading is determined objectively from the perspective of the "least sophisticated consumer." *Schendzielos v. Silverman*, 139 F. Supp. 3d 1239, 1249 (D. Colo. 2015) ("The least sophisticated consumer standard reflects the notion that the FDCPA is a remedial statute intended to offer broad protections to consumers.").

**PARTIES**

14. Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County of Jefferson, and City of Arvada.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

19. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a pay day loan through Cash Colorado LLC, d/b/a Speedy Cash (the "Debt").

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. In connection with the collection of the Debt, Defendant served Plaintiff with a summons and complaint dated May 27, 2016.

22. A true and correct copy of Defendant's May 27, 2016 summons and complaint is attached to this Complaint as Exhibit A.

23. Defendant's May 27, 2016 summons and complaint were not signed or stamped by the clerk of the court, did not list a case number, division, or courtroom, and left blank the "COURT USE ONLY" section. Exhibit A.

4

24. The only signature on either document was from Defendant. Exhibit A.

25. By failing to serve Plaintiff with a clerk-issued summons and complaint, Defendant's actions were deceptive and misleading because it would cause the least sophisticated consumer to be unsure whether the May 27, 2016 complaint was a formal legal complaint that required action on her part.

26. The least sophisticated consumer, upon receiving Defendant's May 27, 2016 summons and complaint, would be confused as to whether it was a formal legal complaint requiring action on her part.

27. For example, given the lack of a court stamp, signature by the clerk of the court, or any input from any party other than Defendant, the consumer could reasonably believe that Defendant was threatening her with legal action but that the complaint was not yet filed.

28. Similarly, Defendant's May 27, 2016 summons and complaint are unfair and unconscionable because they failed to adequately communicate to the consumer that she was in receipt of a formal legal document.

29. The least sophisticated consumer, unsure whether a legal action had been initiated against her, is likely to ignore the summons and complaint to her detriment, believing it to be fake.

30. In fact, Plaintiff was unsure of what to do, and so did not respond to the summons and complaint or file anything with the court, believing that either Defendant or the court would contact her further if any action were required on her part.

31. Defendant then obtained a default judgment against Plaintiff for the Debt.

32. Defendant did not contact Plaintiff further regarding the summons and complaint or the Debt prior to obtaining the default judgment.

33. Plaintiff was unaware that Defendant had obtained a judgment against her until her paycheck was garnished on or about August 5, 2016.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(10)

34. Plaintiff repeats and re-alleges each factual allegation above.

35. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including by serving Plaintiff with a summons and complaint which would leave a consumer unsure as to the veracity of the documents because they were not issued by the clerk of the court and did not include a case number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(15)

36. Plaintiff repeats and re-alleges each factual allegation above.

37. Defendant violated 15 U.S.C. § 1692e(15) by falsely representing or implying that documents are not legal process forms or do not require action by the consumer, including by serving Plaintiff with a summons and complaint which would leave a consumer unsure as to the veracity of the documents because they were not issued by the clerk of the court and did not include a case number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(15);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

38. Plaintiff repeats and re-alleges each factual allegation above.

39. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt, including by failing to adequately

communicate to Plaintiff that she was in receipt of a formal legal document, and obtaining a default judgment against Plaintiff based on the service of the then-unfiled summons and complaint without any other communication with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 27, 2017

Respectfully submitted,

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com
Attorney for Plaintiff